[Dkt. Nos. 3, 4 and 7]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY H. KANE, | : |
| Plaintiff, | :Civil Action No. 14-3748 (RMB/KMW) |
| v. | : **OPINION** |
| ROBERT STOLL, ESQ., et al., | : |
| Defendants. | : |

Appearances:

Stuart A. Wilkins, Esquire
Law Offices of Stuart A. Wilkins
8000 Sagemore Drive, Suite 8302
Sagemore Corporate Center
Marlton, New Jersey 08053
    Attorney for Plaintiff

Peter T. Shapiro, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
77 Water Street, Suite 2100
New York, New York 10005
    Attorney for Defendants

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon its own motion as to why this matter should not be transferred to the Central District of California.  On June 13, 2014, the Court issued an Order to Show Cause directing the parties to answer by June 24, 2014, as to why this matter should not be transferred. [Docket No. 3]. Plaintiff Bradley H. Kane filed an opposition to the transfer (along with an accompanying motion for remand). [Docket No. 4].

Defendants Robert Stoll and Stoll, Nussbaum and Polakov ("SNP") filed a Memorandum of Law In Support of Transfer and Opposition to Plaintiff's Motion to Remand [Docket No. 7].

A.  **Background**

   *i.  New Jersey Action*

According to the Complaint filed April 23, 2014,[1] in October 2012, Plaintiff's niece, Sammi Kraft, was tragically killed in an automobile accident in Los Angeles, California.  Both the owner and the driver were two individuals who resided in Culver City, California and Santa Monica, California, respectively.  Plaintiff, the deceased's uncle and an attorney licensed to practice law in New Jersey and Pennsylvania, and a licensed inactive attorney in California, flew to California to assist the grieving family.  Plaintiff, inter alia, retrieved the police reports, spoke with the District Attorney of Santa Monica regarding pending criminal charges against the driver, and obtained the driver's insurance information.  At Plaintiff's suggestion, the family rejected the insurance carrier's offer of settlement.  After several conversations, the family and the insurance company agreed to proceed to nonbinding mediation.[2]  Prior to the date for the mediation, Plaintiff, presumably on

---

[1] Defendants removed the Complaint to this Court on June 11, 2014.

[2] The Complaint uses mediation and arbitration interchangeably.

behalf of the family, retained the services of a local attorney in San Diego, California.

One week prior to the scheduled mediation, however, the father of the deceased, Sheldon Kraft, retained the services of Defendants Stoll and his law firm SNP to represent the family in the mediation. Defendant Stoll is an attorney licensed in California. Defendant SNP is a California professional corporation engaged in the practice of law in California. Plaintiff alleges he thereafter transmitted his entire legal file to Defendants "with a transmittal letter confirming that the customary referral fee would be forthcoming." Complt. ¶ 56. In December 2013, Defendants settled the wrongful death case against one of the parties. Plaintiff seeks a portion of that settlement, alleging that Defendants have breached their contract to pay the agreed-upon referral fee.

### ii. *California Action*

Prior to the filing of Plaintiff's Complaint with this Court, Defendant SNP filed a lawsuit in the Central District of California, Stoll, Nussbaum and Polakow v. Bradley H. Kane, No. 14-2690.[3] In the California action, SNP alleges that on April 11, 2013, the Kraft family had retained it to represent them in the wrongful death and survival action. The Kraft family entered

---

[3] In fact, the instant matter was filed four days after SNP filed the California lawsuit.

into a contingent fee agreement with SNP, and pursuant to that contractual relationship, SNP filed a lawsuit on behalf of the Kraft family in the Los Angeles Superior Court. That lawsuit is currently pending, except one of the defendants in that action has settled for $3,000,000. (Plaintiff seeks a percentage of that settlement in the New Jersey action.)

SNP alleges that at no time before the Krafts signed the contingent fee agreement with SNP did SNP have any relationship with Plaintiff. Moreover, there was no contract, oral or written, between the Kraft family members and Plaintiff. Any work Plaintiff did was done at no charge because he was a family member and he had informed the Krafts of this.[4] SNP further alleges that Plaintiff has wrongfully attempted to bribe the Krafts with money if they would support his claim for attorneys fees. SNP alleges that Kane is interfering with its attorney-client relationship with the Kraft family by making unfounded claims for attorneys fees from a portion of the settlement proceeds.

B. **Legal Analysis**

Title 28, United States Code, Section 1404(a) permits a district court to transfer a civil action for the convenience of

---

[4] SNP also avers that any work done by Plaintiff was unethical because he was not authorized to practice law in California.

parties and witnesses or in the interest of justice, to another district where the action may have been brought. In assessing whether a transfer is in the interest of justice, a court should "consider both the private and public interests affected by the transfer." Bus. Store, Inc. v. Mail Boxes Etc., No. 11-3662, 2012 WL 525966, at *3 (D.N.J. Feb. 16, 2012)(citation omitted). The private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum.)

Digital Tech. Licensing LLC v. Sprint Nextel Corp., No. 07-5432, 2011 WL 1899279, at *3 (D.N.J. May 19, 2011); see also Jumara v. State Far Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The public interests include: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious or inexpensive; 3) any relative administrative difficulty resulting from court congestion; 4) local interest in deciding local controversies; 5) public policies of the fora; and 6) trial judge's familiarity with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

Here, there is no question that venue is appropriate in the

Central District of California because "a substantial part of the events or omissions giving rise to the claim occurred" there. See 28 U.S.C. § 1391(a)(2). Specifically, Plaintiff contends that Defendants breached a fee arrangement for services related to a wrongful death and survival action in California.

### i.  *Private Factors*

The private factors favor transfer to the Central District of California. The only factor that weighs against transfer in this case is the Plaintiff's choice of forum.

#### *Plaintiff's Choice of Forum*

Although "the plaintiff's choice of venue should not be lightly disturbed," Jumara, 55 F.3d at 879, that choice is not dispositive. Maximum Human Performance, Inc. v. Dymatize Enterprises, Inc., 2009 U.S. Dist. LEXIS 76994 (D.N.J. Aug. 27, 2009). Here, Plaintiff's breach of contract claims arise out of Defendants' alleged non-payment of a referral fee for services that Plaintiff performed, mostly in California.

#### *Defendants' Choice of Forum*

Defendants' choice of forum weighs in favor of transfer. Indeed, prior to the filing of the within Complaint, SNP had filed a lawsuit in the Central District of California dealing with the same subject matter. In the California action, SNP alleges that Kane is interfering with its attorney-client relationship with the Kraft family by insisting that he is owed a

referral fee.

### Whether The Claim Arose Elsewhere

The claim clearly arose in California. Plaintiff alleges that upon his transmittal letter to SNP, the parties agreed to a fee arrangement. The fee arrangement was for services rendered in connection with a soon-to-be filed wrongful death and survivor action.

### Convenience of the Parties

Plaintiff avers that he was diagnosed with appendiceal cancer in January, 2013, is on Social Security disability, and is undergoing physical rehabilitation as a result of undergoing a total hip replacement. Although travel to California may be difficult, Plaintiff has not indicated that he is financially unable to travel or physically unable to travel after a recuperation period. Indeed, according to the Complaint, it appears that despite his health condition Plaintiff, who has now retained counsel, has been able to perform services in California. In contrast, Defendants deny that they have ever traveled to New Jersey in connection with this matter. This factor weights in favor of transfer.

### Convenience of the Witnesses

The Complaint sets forth all the various services performed by Plaintiff in connection with the wrongful death action. Although Plaintiff sets forth that several witnesses as to his

7

services are in New Jersey, it is not clear that the testimony of these witnesses is even relevant to the within dispute.

Assuming New Jersey Law applies,[5] New Jersey Rule of Professional Conduct ("RPC") 1:39-6(d) provides an exception to the requirement that the division of fees be in proportion to the services performed by each lawyer under RPC 1.5(e). However, under RPC 1:39-6(d), a lawyer who agrees to share fees must have the client's informed consent to the arrangement. Judge v. McCay, 500 F. Supp. 2d 521, 526 (E.D. Pa. 2007). "New Jersey courts . . . take a dim view of fee-sharing arrangements that plainly violate the Rules of Professional Conduct." Id. Here, the Kraft family denies that it ever consented to the alleged fee referral agreement as alleged by Kane. This factual dispute will be the focus of the litigation. If it is ultimately determined that no such agreement existed, Plaintiff would not be entitled to any fees as a matter of law. Testimony of these witnesses (who are in New Jersey and Pennsylvania) as to the hours of legal work Plaintiff allegedly did would, thus, would be irrelevant. Indeed, in Goldberger, Seligsohn & Sherwood, P.A. v. Baumgarten, 378 N.J. Super. 244 (App. Div. 2005), the court granted the defendant's motion for summary judgment and held that the

---

[5] If New Jersey law does not apply but California law does, Defendants allege that Plaintiff is not entitled to any fees because he was engaged in the unauthorized practice of law.

attorney-plaintiff was not entitled to fees because there was "no evidence that the clients were notified of the alleged fee decision, nor [was] there any evidence that the clients consented to the participation of all the lawyers involved." Id. at 252.

Moreover, compelling the attendance of the Kraft family members in New Jersey to testify as witnesses with respect to whether they, in fact, agreed to a fee splitting arrangement is problematic as both Sheldon and Lynda Lou Kraft are located in California and are beyond this Court's subpoena power. Fed. R. Civ. P. 45(c); See, Shapiro Decl. ¶ 13.

### Location of Books and Records

Because so much is stored electronically, this factor is neutral.

### ii. The Public Factors

For similar reasons the public factors favor transfer. To permit two cases involving practically the same issues to be simultaneously pending in different District Courts is wasteful in time, energy and money. See Continental Grain Co. V. Barge FBL-585, 364 U.S. 19, 26 (1960). "[I]t is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 233 (D.N.J. 1996)(quoting Ricoh Co. v. Honeywell, Inc., F. Supp. 473, 487 (D.N.J. 1993)). The fact that there is already a

pending California action related to the same subject matter, <u>i.e.</u>, the existence or non-existence of a contract, dictates that this controversy should be litigated in one forum where the claim arose.[6]  This case involves a tragic accident that occurred in California and the legal services performed as a result of the ensuing litigation.  There is more of a local interest to have this matter decided in California.  Finally, even assuming New Jersey law applies, the District Court in California is fully capable of applying settled New Jersey law.

Accordingly, after having considered the foregoing private and public factors, the Court finds it appropriate to transfer this action to the Central District of California pursuant to Section 1404(a).[7]

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB

---

[6] Defendants contend that this matter should also be transferred pursuant to the "first-to-file rule."  This rule applies where actions are truly duplicative such that a determination in one leaves little to be determined in the other action, though the issues and parties need not be identical.  <u>See</u> <u>Wheaton Ind. Inc., v. Aalto Scientific, Ltd</u>., No. 12-6965, 2013 U.S. Dist. LEXIS 118524, at *6 (D.N.J. Aug. 21, 2013).  As the first-to-file rule calls on the Court to examine the same factors as a Section 1404(a) analysis, <u>see id.</u>, this Court finds that it need not engage in a separate first-to-file analysis.

[7] The Court also ordered the Defendants to inform the Court of the citizenship of the parties.  Defendants have clarified the citizenship of the parties. <u>See</u> Declaration of Robert Stoll, Jr., Docket No. 9.  Because there is complete diversity of citizenship, removal was proper.  Plaintiff's Motion to Remand is denied.

```
                                        United States District Judge
Dated: June 27, 2014
```